### Thomas G. Otis v. Cottage Grove Manufacturing Company.

#### Gen. No. 11,717.

1. EXCEPTIONS—*when objections before master treated as.* Where the parties to a cause treated objections filed before the master as exceptions filed before the court, the Appellate Court will likewise so treat them, notwithstanding the absence of an order making such objections exceptions.

2. LIQUIDATED DAMAGES—*when clause of contract does not provide for, or for penalty.* A clause in a building contract as follows: "The owner shall withhold the sum of $10 per day for each day that any portion remains undelivered at the expiration of the above time limit," in connection with a further clause as follows: "The owner agrees to reimburse the contractor for any loss owing to his delay; the contractor agrees to make good to the owner any damage caused by his delay,"—merely provides for the payment of actual damages and is not a provision either for a penalty or for liquidated damages.

Mechanic's lien proceeding. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Reversed and remanded with directions. Opinion filed May 5, 1905. Rehearing denied June 23, 1905.

**Statement by the Court.** Appellant, in 1901, built on certain premises owned by him, an apartment house. Appellee furnished the mill work for said building under a written contract with appellant. Appellee filed against appellant a bill in the Superior Court to enforce a mechanic's lien on said premises for a balance claimed to be due for work and materials furnished to said building under said

contract. The defendant answered the bill and the cause was referred to a master to take and report proofs with his conclusions thereon. The master found that nothing was due to the complainant and recommended that the bill be dismissed for want of equity. Forty-nine objections were taken by complainant to the report of the master and all of them but one were overruled by him. The record does not contain any order that such objections stand as exceptions, nor were any other exceptions to the report filed in the Superior Court. The objections were, however, treated by both parties in the Superior Court as exceptions to the report of the master and the court in the final decree ordered: "That the exceptions to said master's report in so far as the same relate to the matters and things covered by the findings of this decree and are in harmony therewith, be and the same are hereby sustained, and the said master's report in so far as the same conflicts with the findings of this decree is hereby overruled; in all other respects the said exceptions are hereby overruled and the said master's report is hereby sustained."

The decree was in favor of the complainant for the full amount claimed in the bill, including extras, interest and solicitors' fees, and from this decree the defendant, Thomas G. Otis, prosecutes this appeal.

Wheelock, Shattuck & Newey, for appellant.

Herman W. Stillman, for appellee.

Mr. Presiding Justice Baker delivered the opinion of the court.

As the parties in the Superior Court treated the objections before the master as exceptions in that court, we will so consider them, although no order to that effect appears to have been made. A decree should in plain terms state which of the exceptions to the report of the master are sustained and which are overruled. We shall not undertake to say which of the forty-eight exceptions in this case were overruled and which sustained by the chancellor, but proceed to announce

our conclusions as to the merits of the controversy presented by this record.

The contract provided that the work thereby agreed to be done should be completed by August 1, 1901, and it was not completed until October 17, 1901, though some apartments in the building were ready for occupancy on October 1. The clause of the contract which provided that all the work and materials under the same should be done and furnished by August 1, 1901, proceeded as follows: "The owner shall withhold the sum of ten dollars per day for each day that any portion remains undelivered after the expiration of the above time limit." A subsequent clause of the contract provides as follows: "The owner agrees to reimburse the contractor for any loss owing to his delay. The contractor agrees to make good to the owner any damage caused by his delay." The clause in the contract above set forth providing that the owner should withhold ten dollars per day for each day that the contract remained uncompleted after the time of completion fixed by the contract, was held by the master to be a stipulation for liquidated damages and by the chancellor a penalty. In our opinion the clause is neither a stipulation for liquidated damages nor a penalty. Construing that clause with the subsequent clause of the contract relating to the same subject-matter, the contract must be held to provide that the owner may withhold in case of such delay by the contractor, from the eighty-five per cent the contractor was entitled to receive as the work progressed, ten dollars per day for each day of such delay, until the completion of the contract, and then, take from the amount so withheld the amount of the damages he sustained by reason of such delay.

The building was to be completed by September 1, 1901. The master in his report found that the delay in the completion of the building by September 1 was caused by the failure of the complainant to furnish the mill work within the time limited by its contract; that the café and twelve of the sixteen apartments in said building were leased by the owner at certain sums per month, the occupancy to begin

September 1; one from September 20, and two were not rented; that by reason of said delay of the complainant, of the apartments so rented from September 1 nine were not ready for occupancy until October 1, one not until October 7, one and the cafè not until October 10, one not until November 1, and the apartment rented from September 20 was not ready for occupancy until October 15, and that through his inability to deliver the said apartments until the dates above mentioned the owner suffered an actual loss on account of rents rebated and lost amounting to $532.98. These findings are abundantly supported by the evidence, and the finding contained in the decree, that the delay of the complainant to complete its contract within the time fixed by the contract, was caused by delays on the part of other contractors, is not supported by the evidence.

The complainant furnished certain extras for which it was agreed between the parties, that it should be paid $39.25. It made a claim for another bill of extras amounting to $52.25, upon the ground that mill work of that value was required to complete the contract, in excess of the amount it estimated would be so required when the contract was made. This claim must be disallowed. The defendant made a claim for $250 upon the ground that part of the mill work was delivered in an unfinished condition and that he paid out that sum to properly finish the same. The evidence, in our opinion, does not support this claim and it must be disallowed. The contract price was $3,600, the extras $39.25, making the total sum the complainant was entitled to $3,639.25. The complainant was paid $2,939.25. The defendant is entitled to $532.98 damages against the complainant, making a total $3,472.23, and the balance due complainant is $167.02. The complainant is entitled to a decree for this amount and costs.

The decree of the Superior Court will be reversed with directions to enter a decree for the complainant for $167.02 and for the costs taxed in said decree with the exception that the attorneys' fees of the complainant will be reduced from $86 to $16.

*Reversed and remanded with directions.*